UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13192-GAO

NORTHLAND INSURANCE COMPANY
Plaintiff,

v.

DOVAL REMODELING, INC., WINTER HILL GENERAL CONTRACTOR, INC., 143 HIGH, LLC, and LUIS MUNOZ
Defendants.

OPINION AND ORDER
March 17, 2015

O'TOOLE, D.J.

The plaintiff, Northland Insurance Company, seeks a declaratory judgment that it has no duty to defend or indemnify DoVal Remodeling, Inc. in an underlying action arising from an employee's personal injuries. Northland Insurance has since filed a motion for summary judgment. Defendants Luis Munoz and Winter Hill General Contractor, Inc. have submitted oppositions.

## I. Facts

The parties do not dispute the essential facts. In February 2012, Northland Insurance issued a commercial general liability insurance policy to DoVal Remodeling for a one-year term. The policy provided that Northland Insurance would pay

> those sums that [DoVal Remodeling] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Northland Insurance] will have the right and duty to defend [DoVal Remodeling] against any "suit" seeking those damages. However, [Northland Insurance] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Commercial General Liability Coverage Form, Ex. G at § I(1)(a) (dkt. no. 35-1).). However, another provision <u>excludes</u> coverage for bodily injury to

> (3) Any person who is employed by, is leased to or contracted with any organization that:
>     (a) Contracted with you or with any insured for services; or
>     (b) Contracted with others on your behalf for services;
> arising out of and in the course of employment by that organization or performing duties related to the conduct of that organization's business; . . . .

(Exclusion S94-CG (10/08), Ex. G at 1 (dkt. no. 35-1).)

In March 2012, Luis Munoz, an employee of Gugas Home Improvements, suffered injuries while performing roofing work on property owned by 143 High, LLC. 143 High had hired DoVal Remodeling as a general contractor to complete renovations on the property. DoVal Remodeling hired Winter Hill as a subcontractor to perform roofing work and, in turn, Winter Hill hired Gugas Home Improvements to provide additional workers on the roofing project.

Munoz filed an action in Suffolk Superior Court against 143 High, Winter Hill, and Luciano DoVal, the president of DoVal Remodeling. Northland Insurance now seeks a declaratory judgment that it has no duty to defend or indemnify DoVal Remodeling in that action.

## **II.** **Discussion**

The interpretation of an insurance contract is a question of law for the court. Scottsdale Ins. Co. v. Torres, 561 F.3d 74, 77 (1st Cir. 2009). Words in an insurance policy will generally be interpreted according to their "'usual and ordinary sense.'" Suffolk Constr. Co. v. Ill. Union Ins. Co., 951 N.E.2d 944, 947 (Mass. App. Ct. 2011) (quoting Hakim v. Massachusetts Insurers' Insolvency Fund, 675 N.E.2d 1161, 1164 (Mass. 1997)). While ambiguities in a policy must be interpreted in favor of the insured, the fact that the parties dispute the meaning of a particular provision does not necessarily mean that it is ambiguous. Scottsdale Ins. Co., 561 F.3d at 77.

Northland Insurance argues that the exclusion for employees of organizations that "contracted with others on your behalf for services" bars coverage for bodily injuries sustained by Munoz as an employee of a "sub-subcontractor" such as Gugas Home Improvements. (Pl.'s Mem. at 8 (dkt. no. 36).) The language of the exclusion plainly supports Northland Insurance's interpretation. Clause (a) of the exclusion, which refers to organizations that "contracted with you or with any insured for services," includes organizations that contracted directly with DoVal Remodeling. Clause (b) – the provision at issue – contemplates organizations that have no contractual relationship with DoVal Remodeling but nevertheless worked on its behalf.

The defendants argue that the phrase "on your behalf" requires that DoVal Remodeling had a contractual relationship with Gugas Home Improvements. However, "on your behalf" should not be read as a privity requirement. The phrase "on your behalf" suggests a relationship based on benefit or contribution, rather than a formal business arrangement. Merriam-Webster's Collegiate Dictionary (11th ed. 2003) (defining "on behalf of" as "in the interest of"). Accordingly, because Gugas Home Improvements' contribution to the roofing work furthered the renovation project, that contribution was on DoVal Remodeling's behalf. Indeed, clause (b) would be redundant if it required a contractual relationship, as it would merely repeat the requirement already articulated in clause (a). See Allmerica Fin. Corp. v. Certain Underwriters at Lloyd's, London, 871 N.E.2d 418, 425 (Mass. 2007) (favoring interpretations of insurance contracts where "[e]very word . . . [is] 'presumed to have been employed with a purpose'" (internal citation omitted)).

Moreover, the defendants' attempts to distinguish Cable Mills, LLC v. Coakley Pierpan Dolan & Collins Ins. Agency, Inc., 974 N.E.2d 1134 (Mass. App. Ct. 2012), and U.S. Underwriters Ins. Co. v. Beckford, No. 93-CV-4272(FB), 1998 WL 23754 (E.D.N.Y. Jan. 20,

1998), are unsuccessful. In both cases, the courts determined that exclusions similar to the provision here applied to subcontractors. Cable Mills, LLC, 974 N.E.2d at 1137 (finding that a provision excluding coverage of personal injuries "for operations performed by you" applied where a contractor was not in a contractual relationship with the insured); U.S. Underwriters Ins. Co., 1998 WL 23745, at *3 (determining that an exclusion for organizations "hired or retained by or for" the insured applied to subcontractors). The defendants argue that the language here is narrower than that of the contracts in Cable Mills and U.S. Underwriters Ins. Co., but such variations are merely distinctions without a difference. As in Cable Mills, the "on your behalf" language "encompass[es] all work done to further the project undertaken by [the insured]." 974 N.E.2d at 1137.

Similarly, the defendants' reliance on other cases interpreting "on your behalf" language is unpersuasive. The defendants argue that the phrase "on your behalf" was deemed ambiguous in Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Group, 727 F. Supp. 2d 887 (E.D. Cal. 2010) and Hawaiian Isle Adventures, Inc. v. N. Am. Capacity Ins. Co., 623 F. Supp. 2d 1189 (D. Haw. 2009). However, in Lakeland Village the key language appeared in a different context – an insurance exclusion based on occupying property – and the District of California's reasoning is therefore irrelevant to this analysis. Lakeland Vill. Homeowners Ass'n, 727 F. Supp. 2d at 893 (interpreting the phrase "invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lesser"). Although Hawaiian Isle Adventures, Inc. involved a provision more analogous to the clause here, the District of Hawaii did not analyze the relevant "on your behalf" language. Hawaiian Isle Adventures, Inc., 623 F. Supp. 2d at 1195-97. The defendants also cite to Wanzek Constr., Inc. v. Employers Ins. of Wausau, 679 N.W.2d 322 (Minn. 2004), where the Supreme Court of

4

Minnesota found that a subcontractor worked "on behalf of" a general contractor with whom it had directly contracted for purposes of a similarly worded exclusion. However, the analysis does not foreclose the possibility that the subcontractor may have also worked on behalf of a general contractor where there was no such contract. Id. at 329. Moreover, insofar as these cases could be thought to be relevant, they are not binding on this Court.

### III.     Conclusion

For the reasons stated herein, the plaintiff is entitled to summary judgment as a matter of law. The plaintiff's Motion (dkt. no. 35) for Summary Judgment is GRANTED. Northland is entitled to a declaratory judgment that it has no duty to defend or indemnify DoVal Remodeling in the Superior Court action.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge